**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan MUNOZ-DELA ROSA, Defendant-
Appellant.**

**No. 73-2930.**

United States Court of Appeals,
Ninth Circuit.

April 8, 1974.

Joseph B. Swan, Jr., (argued), Tom Karas, Samuel Alba, Federal Public Defenders, Phoenix, Ariz., for defendant-appellant.

Thomas N. Crowe, Asst. U. S. Atty. (argued), Alice A. Wright, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

## OPINION

PER CURIAM:

Defendant-Appellant Munoz-Dela Rosa escaped from federal custody while serving a federal sentence imposed after conviction for illegal entry into the United States. He was indicted for the escape and, after apprehension, pleaded guilty. He was then sentenced by the District Judge.

"THE COURT: It is the further judgment of this Court that you be committed to the custody of the Attorney General or his authorized representative for a period of five years, on condition that you serve six months in a jail type institution, concurrent to the sentence you are presently serving, and the execution of the remainder of the sentence will be suspended, and you will be placed on non-supervisory probation, and be deported.

"(Translation.)

"THE COURT: Now, that means that once you are released, if you come back during the next five years after you start serving your second sentence, you could be kept in jail for the remainder of that five-year sentence, whatever is left of it.

"THE DEFENDANT: Yes, sir."

This occurred after eleven o'clock a.m. on August 27, 1973. On the same day, the Judgment and Order of Probation was filed at 2:46 o'clock p.m., after being signed by the sentencing judge. It stated:

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years, on condition that the defendant be confined in a jail-type institution for a period of six (6) months, said sentence to run consecutively with sentence imposed on February 21, 1973, by U.S. Magistrate Raymond Terlizzi,

in case No. 2–A–269 Tucson, execution of the remainder of the sentence of imprisonment is hereby suspended and the defendant placed on non-supervisory probation for such period."

On September 4, 1973, defendant filed a Motion to Correct Judgment and Order of Probation. A hearing was held on September 10, 1973, with the defendant and counsel present. At the hearing, the Judge explained that he had made a mistake in the oral pronouncement; that he intended to say "consecutive" not "concurrent;" that he never gave a concurrent sentence for escape; that "I misspoke myself." Defense counsel, a Deputy Federal Defender in Arizona, agreed that from his experience in that Court, "I am willing to concede that you probably meant consecutive."

Thus, we have a direct conflict between the sentence pronounced orally by the Court and the formal judgment filed a short time later pursuant to the requirements of Rule 32(b)(1) of the Federal Rules of Criminal Procedure.

The contention of the defendant is that the oral pronouncement of sentence always controls; that the sentence cannot be modified except as authorized by Rule 35, Federal Rules of Criminal Procedure; and that the written commitment must be corrected to conform with the oral pronouncement. The Government contends that a judge, in pronouncing sentence, may make a mistake in articulating the sentence which should be correctable under Rule 36, Federal Rules of Criminal Procedure, as a clerical error or as an error made through oversight or omission.

It should be observed that the unique posture of the instant case presents a situation in which the defendant was not sentenced twice, that is to say, he was not before the Court a second time for resentencing. On the contrary, he was in Court the second time for hearing on a motion to correct the written commitment to conform with the oral pro-

nouncement of sentence. The district judge simply denied the motion.

Thus, cases in which the defendant was returned to Court and resentenced are procedurally distinguishable. See, for example, United States v. Benz, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Kennedy v. United States, 330 F.2d 26, 27 (9th Cir. 1964); Borum v. United States, 133 U.S.App.D.C. 147, 409 F.2d 433, 440 (1967). In these instances, the double jeopardy clause of the Fifth Amendment to the Constitution of the United States precludes recognition of an increased sentence when the defendant is returned to Court for resentencing.

Also, we are not here concerned with the applicability of precedents which have approved a corrected and increased sentence in instances where the original sentencing process was construed to be a continuing one, that is to say, the prisoner had not yet left the courtroom or was returned the same day. Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499 (1940); DeMaggio v. Coxe, 70 F.2d 840 (2nd Cir. 1934); Nichols v. United States, 106 F. 672 (8th Cir. 1901).

This Court has permitted the written commitment to control the oral articulation of a legal sentence only in cases where the oral pronouncement was ambiguous and the written judgment was relied upon to clarify the ambiguity. Boyd v. Archer, 42 F.2d 43 (9th Cir. 1930); Payne v. Madigan, 274 F.2d 702, (9th Cir. 1960) aff. 366 U.S. 761, 81 S. Ct. 1670, 6 L.Ed.2d 853. See also Young v. United States, 274 F.2d 698 (8th Cir. 1960).

We have noted that in the present case the defendant was not resentenced. From a procedural point of view, the two most similar precedents are United States v. Sacco, 367 F.2d 368 (2nd Cir. 1966), and Chandler v. United States, 468 F.2d 834 (5th Cir. 1972). In *Sacco*, the defendant was sentenced to seven years under a charge carrying a maxi-

mum penalty of five years and to five years under a charge carrying a maximum penalty of ten years, the sentences to run concurrently. Eight months later, he moved under Rule 35 to correct the illegal excessive sentence on the first count. The Government filed a counter-motion to transpose the sentences. The Court denied defendant's motion and granted the Government's motion. The sentencing judge stated that the sentences had been transposed through inadvertence and error. The Second Circuit reversed and said:

"We are of the opinion that a judge should not be permitted to increase a sentence clearly and explicitly imposed, after the prisoner has begun to serve it, even though the judge later recollects that he had intended at the time to decree a longer sentence for a conviction on a particular count but did not do so because he had inadvertently confused it with another count. This is not the case of an error in reporting or a purely clerical error or a judicial mistake corrected the same day or the imposition of a sentence of less than a mandatory minimum or similar flaws which present quite different problems. The possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners."

In *Chandler, supra,* under the identical set of facts, the issue was raised by a post-judgment motion under 28 U.S.C. § 2255. Here again, the district court entered an amended judgment and commitment, apparently in the absence of the defendant, to conform the written judgment to the judge's original intention. The Fifth Circuit reversed, saying, *inter alia:*

"Admittedly, the Government is requesting only that a narrow hole be bored in the double jeopardy clause. We will not, however, allow deeply entrenched constitutional rights to be made subject to claims of 'inadvertent

error' and we must plug up the hole, however small, left open by the trial court's auger. We cannot allow even judicial remembrances of things past to dim the constitutional incandescence of the Fifth Amendment."

We realize that in the present case the district judge required defendant's presence at the time of the hearing on the motion to correct the written judgment, but this fact does not materially distinguish this case from the cited precedents.

In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant. United States v. Jarratt, 471 F.2d 226 (9th Cir. 1972); United States v. Hicks, 455 F.2d 329 (9th Cir. 1972); Payne v. Madigan, *supra.* See also: Borum v. United States, *supra*; Sobell v. United States, 407 F.2d 180, 184 (2nd Cir. 1969); Rakes v. United States, 309 F.2d 686 (4th Cir. 1962).

All acknowledge that judges are human and may misstate their intention at the time of sentencing. The instant case presents very strong evidentiary support for a holding that the district judge did in fact "misspeak" himself at the time Appellant was sentenced. Yet the difficulties in formulating a principle to establish an exception to the well-established rules hereinabove stated have led us to the conclusion that the interests of justice, in the light of constitutional double jeopardy protections and the defendant's right to be present at the time of sentencing (Rule 43, Federal Rules of Criminal Procedure), and to speak on his own behalf (Rule 32(a)(1), Federal Rules of Criminal Procedure), require strict adherence to the axiom that an unambiguous oral pronouncement of a legal sentence must control.

The order appealed from is reversed.