UNITED STATES of America,
Plaintiff–Appellee,

v.

David DEROSIER, Defendant–
Appellant.

No. 00–10393.

D.C. No. CR 93–00599–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided Nov. 28, 2001.

Before HUG and T.G. NELSON, Circuit
Judges, and SHADUR,* District Judge.

MEMORANDUM **

The question before the panel is whether Judge Eginton unambiguously pronounced sentence at the first dispositional hearing addressing DeRosier's violation of probation. If Judge Eginton did pronounce sentence, then the greater sentence imposed by Judge Roll at the second hearing violated DeRosier's right to be free from double jeopardy. *United States v. Garcia,* 37 F.3d 1359, 1367 (9th Cir. 1994); *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 255 (9th Cir.1974). Because Judge Eginton did unambiguously pronounce DeRosier's sentence, we reverse.

The transcript of the hearing before Judge Eginton indicates that a six-month sentence of incarceration was pronounced and that the only issue left open was whether DeRosier would be temporarily released so that he could make arrangements for the care of his minor son. A second hearing was necessary only because the Probation officer on DeRosier's case was not present at the first hearing to explain the Department's opposition to the temporary release. Judge Eginton stated that a second hearing would be held and that the temporary release would be granted unless Probation had a good rea-

---

\* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

son for opposing it. Therefore, when Judge Eginton finished his duties as a visiting judge and returned to the District of Connecticut, the only issue remaining for Judge Roll to address was whether DeRosier would be temporarily released. Accordingly, Judge Roll's imposition of a ten-month sentence followed by three years of supervised release violated DeRosier's right to be free from double jeopardy.

REVERSED and REMANDED for entry of an amended judgment eliminating the balance of DeRosier's period of supervised release.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.