**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul VEGA, a/k/a Raul Campos, Raul Vega Campos, Roberto Campos, Chubs, Lil' Chubs, Little Chubs, Lil' Chubby, Lil Chub, Travieso, Midget, Lil' Bear, Defendant–Appellant.**

No. 07–50245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed Sept. 24, 2008.

Jeffrey Backhus, Esquire, Daniel Benjamin Levin, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esquire, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, D.W. NELSON and BEA, Circuit Judges.

MEMORANDUM *

Raul Vega appeals the condition of supervised release imposed by the district court which requires Vega to pay all or part of the cost of his drug treatment as determined by the probation officer.[1] The district court did not abuse its discretion when it imposed this condition. *See United States v. Soltero,* 510 F.3d 858, 864–65 (9th Cir.2007) (per curiam).

Vega also contends the sentence in the written judgment conflicted with the district court's oral pronouncement of sentence in two respects. *See United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir.1974) (per curiam).

First, Vega contends the sentence in the written judgment conflicted with the oral pronouncement of sentence because the district court did not orally announce the conditions under which it authorized limited disclosure of the presentence report ("PSR"), whereas the written judgment in-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We address Vega's challenges to conditions 3, 7, and 11 of his supervised release by separate published opinion.

cluded such a provision. The district court's authorization of limited disclosure of the PSR is not part of Vega's sentence such that the district court was required to announce the disclosure conditions. Rather, the disclosure provision in the written judgment served as an order of the court setting forth the circumstances under which the district court consented to limited disclosure of its own confidential record, the PSR. *See* C.D. Cal.Crim. R. 32–3.5. The district court could have authorized such disclosure by separate written order without announcing such an order at sentencing. Moreover, the district court did not abuse its discretion by entering such an order, which was reasonably related to Vega's drug treatment. *See United States v. Stoterau,* 524 F.3d 988, 1011 (9th Cir.2008).

Second, Vega contends condition 6 of his supervised release in the written judgment conflicts with condition 6 as pronounced orally. Condition 6 as orally imposed at sentencing ordered Vega to "pay the special assessment in accordance with this judgment's orders pertaining to such payment," while the written judgment ordered Vega to "pay the special assessment *and fine* in accordance with this judgment's orders pertaining to such payment." (emphasis added). The "judgment's orders," however, imposed no fine; thus, we interpret condition 6 to require Vega to pay only the special assessment. Remand to the district court to strike "and fine" from condition 6 is unnecessary.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.