**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 2, 2008*
Decided October 9, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-2761 | |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| ANSELMO ZEPEDA, *Defendant-Appellant*. | No. 2:05 CR 41-04 Rudy Lozano, *Judge*. |

### Order

Anselmo Zepeda pleaded guilty to a cocaine offense, 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 210 months' imprisonment, the bottom of the range under the Sentencing Guidelines. (The judge found that Zepeda has an offense level of 37 and a criminal history category of I, producing a range of 210 to 262 months.) Zepeda's lawyer has filed an *Anders* brief and moved to withdraw, representing that he cannot identify a non-frivolous issue. See *Anders v. California*, 386 U.S. 738 (1967). We invited Zepeda to file a response, see Circuit Rule 51(b), but he has not done so.

Counsel's submission covers several potential issues, and we agree with his conclusion that each of these issues would be frivolous. But counsel supposes that Zepeda has been sentenced to 150 months; the written judgment gives the term as 210. Counsel does not appear to recognize that it will take some legal work to achieve a sentence of 150 months for his client.

Counsel's belief comes from the transcript of sentencing. When oral and written sentences conflict, the oral sentence controls because it was pronounced in the accused's presence—and the accused has a right to be present for sentencing. See *United States v.*

---

*  After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*McHugh*, 528 F.3d 538, 539 (7th Cir. 2008). The figure "150" in the transcript is not necessarily conclusive, however. Perhaps the court reporter misunderstood what the judge said. Or perhaps the judge has used his authority to correct an error under Fed. R. Crim. P. 35(a), a step that can be taken within seven days of sentencing. Either way, an oral misstep is not conclusive, see *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998)—though correction may require the defendant's return to the courtroom.

The oral pronouncement is internally contradictory. The 150-month figure does not stand alone. The judge also told Zepeda that the Guideline range is 210 to 262 months, and that "[t]he court is imposing a sentence at the bottom end of the Guidelines". This implies that the written judgment accurately reflects the sentence. This court has never held that an oral slip of the tongue will undo a lawfully calculated sentence. See *United States v. Agostino*, 132 F.3d 1183, 1200 (7th Cir. 1997) (leaving open the appropriate treatment of oral pronouncements that appear to be mistaken). Perhaps, however, the district judge really wants Zepeda to serve 150 months and the written judgment is in error. If this appeal is dismissed under *Anders*, the sentence will remain at 210 months, for the Bureau of Prisons implements the writing rather than working through transcripts. Department of Justice, *Legal Resource Guide to the Federal Bureau of Prisons* 10, 12 (2008). There is therefore legal work still to be done on Zepeda's behalf.

The motion to withdraw is denied. The opening brief is due 30 days from today, and the remaining briefs as provided in Fed. R. App. P. 31(a)(1).