NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2009
Decided May 11, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-2761

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:05 CR 41-04 |
| ANSELMO ZEPEDA, *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

**O R D E R**

The transcript of Anselmo Zepeda's sentencing hearing reflects that the district court orally pronounced a 150-month prison term. But the written judgment records the term as 210 months, and so Zepeda seeks a remand to conform the judgment to the shorter term pronounced from the bench. The government agrees that a remand is in order, but only for the purpose of giving Judge Lozano an opportunity to explain the discrepancy between the written judgment and the oral pronouncement, which, the government insists, must have been a slip of the tongue. We order a limited remand with instructions for the district court to determine whether the discrepancy is the result of a transcription error and, if not, to state its intention at sentencing.

Zepeda, a middleman in an interstate drug-trafficking scheme, pleaded guilty to conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced in July 2007. With adjustments for possession of a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1), leadership role, *see id.* § 3B1.1(c), and acceptance of responsibility, *see id.* § 3E1.1, Zepeda's total offense level was 37, which, combined with his criminal history category of I, resulted in a guidelines range of 210 to 262 months' imprisonment.

At sentencing Zepeda waived his objections to the guidelines calculations but argued that his age (then 51), health conditions (diabetes and high blood pressure), responsibilities to his two minor children, and lack of criminal record justified a below-guidelines sentence of 10 years, the statutory minimum. Judge Lozano engaged in lengthy discourse with defense counsel concerning these arguments but implied that he was unpersuaded. Judge Lozano then pronounced sentence with this explanation:

> I have looked at this case and I have considered the quantity of drugs involved, and I have considered the fact that this was done numerous times, and I have considered your family ties, your health, and I have no reason to believe that the Bureau of Prisons cannot treat your medical condition.

> And I have considered the Guidelines and whether or not they are fair, and also Congress's intent and message to society as to their feelings, and I know they believe this to be a very serious crime, otherwise, they would not put a mandatory minimum.

> I believe that the Guidelines in this case are fair and are reasonable considering all of the factors in your life and in this crime that you're here for today. I have thought about the sentence that you should receive in this case, and I have decided upon the following sentence, which I will read at this time, but I'll give counsel a final chance to make objections before your sentence is finally imposed.

> Pursuant to Title 18, United States Code, Section 3551 and 3553, as modified by *U.S. v. Booker and Fan Fan*; and after having considered the arguments of counsel, both orally and by way of Memorandum; and after having the Presentence Investigation Report and the comments therein; and after having considered all of the facts in this case and the information given to the Court; after having considered the Guidelines and what would be a fair sentence under the Guidelines, and also a fair sentence in general, it is the judgment of the Court that the defendant, Anselmo Zepeda, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 150 months.

Judge Lozano never suggested that he had settled on a prison sentence five years shorter than the low end of the guidelines range, nor did he offer justification for imposing a below-range sentence. Moments later, however, Judge Lozano gave this explanation:

> The reasons for imposing the sentence are as follows. The Guideline range in this case is 210 to 262 months. The Court is imposing a sentence *at the bottom end of the Guidelines* because of what the Court determines to be a fair sentence; an adequate deterrent; an adequate period for rehabilitation; fulfillment of the Court's duty to society; the quantity of drugs involved; and the defendant's history with regards to drugs.

Neither party asked for clarification of, what appears in the transcript to be, inconsistent statements, and both waived rereading of the sentence even after the court had described the sentence imposed as being at the bottom of the guidelines range. Judge Lozano never repeated the precise term of imprisonment he had imposed. Four days later, however, the district court issued its formal written judgment reporting the sentence as 210 months' imprisonment.

Zepeda appealed his sentence, and his appointed counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he could not discern a nonfrivolous issue to pursue. In his *Anders* brief, however, counsel represented to this court that Zepeda had been sentenced to the 150-month term pronounced from the bench; counsel did not even acknowledge that the written judgment memorializes a term of 210 months. An oral pronouncement of sentence generally controls over a conflicting written one. *See United States v. McHugh*, 528 F.3d 538, 539 (7th Cir. 2008). But the Bureau of Prisons implements the written judgment, *see* U.S. Dep't of Justice, *Legal Resource Guide to the Federal Bureau of Prisons* 10, 12 (2008), and so we concluded that Zepeda had a nonfrivolous argument that the judgment should be rewritten to reflect the oral pronouncement, and denied counsel's *Anders* motion. *United States v. Zepeda*, No. 07-2761, 2008 WL 4523137 (7th Cir. Oct. 9, 2008).

It is well-established that an oral pronouncement of sentence, if unambiguous, controls over a conflicting written one. *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005); *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998); *United States v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993). Because this rule is grounded in the defendant's constitutional right to be physically present at sentencing, *see United States v. Sepúlveda-Contreras*, 466 F.3d 166, 169 (1st Cir. 2006); *United States v. Bigelow*, 462 F.3d 378, 380-81 (5th Cir. 2006), it is applied strictly, even when the oral pronouncement was made in error, *see United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006); *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). Other circuits have applied this principle to the benefit of defendants notwithstanding strong evidence that the sentencing judge simply misspoke. *See United States v. Villano*, 816 F.2d 1448, 1450-53 (10th Cir. 1987) (en banc) (holding that

oral pronouncement making 2 of 3 sentences consecutive for a total of 8 years' imprisonment controlled over written judgment making all sentences consecutive for a total of 10 years' imprisonment even though codefendants sentenced at the same time on identical convictions received fully consecutive terms totaling 10 years with no apparent reason for the discrepancy, and even though judge later insisted he misspoke); *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 254-56 (9th Cir. 1974) (holding that oral pronouncement that new sentence for escape would run concurrently with existing term controlled over written judgment making sentences consecutive despite district judge's later insistence that he never imposes a concurrent sentence for escape and defense counsel's concession that judge "probably" misspoke).

The sentence pronounced from the bench, however, controls only when it is unambiguous, and so we must determine whether Judge Lozano's oral pronouncement is unequivocal. *See Bonanno*, 146 F.3d at 511; *Daddino*, 5 F.3d at 266; *cf. United States v. Sawyer*, 521 F.3d 792, 793 (7th Cir. 2008) (explaining that a judge's oral statements regarding restitution "are not enforceable when an unambiguous judgment provides otherwise"). Zepeda argues that it is, because the number "150" is capable of only one interpretation. True enough: standing alone, the words "150 months" have only one possible meaning. But words that are clear in isolation may be ambiguous when a literal reading suggests an irrational or absurd result. *See Fenner v. United States Parole Comm'n*, 251 F.3d 782, 786 (9th Cir. 2001); *Villano*, 816 F.2d at 1453 n.7. Moments before saying "150 months," Judge Lozano had rejected all of Zepeda's arguments for a below-guidelines sentence and opined that the guidelines range was "fair and reasonable." And then moments after saying "150," Judge Lozano repeated that the guidelines range was 210 to 262 months and explained that he was "imposing a sentence at the bottom end of the Guidelines" because a low-end term was fair and an adequate deterrent. A conclusion that Judge Lozano intended to say "150"—a term 5 years less than the low end of the guidelines range—does not seem rational in light of his accompanying comments.

Zepeda's case resembles *Munoz-Dela Rosa*, 495 F.2d at 254, and *Villano*, 816 F.2d at 1451, the two leading out-of-circuit decisions involving evidence of a verbal misstep by the sentencing judge. In both cases, the oral pronouncement was deemed unambiguous, and the Ninth and Tenth Circuits made clear in their decisions that the rule favoring oral pronouncements may not be set aside to accommodate judicial blunders. *Villano*, 816 F.2d at 1452-53 ("[I]t is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom."); *Munoz Dela-Rosa*, 495 F.2d at 256 (explaining that interests of justice require strict adherence to rule that oral pronouncement controls even though "judges are human and may misstate their intention"). But these two decisions are distinguishable because, unlike Judge Lozano, the sentencing judges did not undermine an otherwise-unambiguous sentence by making other statements calling the oral pronouncement into doubt. In *Munoz-Dela Rosa*, the sentencing

judge simply said "concurrently" when he meant "consecutively"; it was his practice to sentence defendants consecutively for escape, and defense counsel knew it.  495 F.2d at 254.  But unlike Judge Lozano, the sentencing court in *Munoz-Dela Rosa* made no other comments *at the hearing* to suggest that "concurrently" was a misstatement.  Similarly, in *Villano*, the sentencing judge botched the order in which he intended the defendant's sentences to run; he said Count Three would run concurrently with Count One when he meant to say it would run concurrently with Count Two, resulting in an overall sentence for the defendant two years shorter than those of his codefendants.  816 F.2d at 1451.  But, contrary to Judge Lozano, the court said nothing to make its pronouncement internally inconsistent.  In light of this distinction, Zepeda's case presents a novel situation.

On the record before us, we could simply affirm the 210-month term stated in the judgment because it squares with Judge Lozano's rejection of Zepeda's arguments for a below-guidelines sentence, his comments that the guidelines were fair and reasonable in this case, and his statement that he was imposing a sentence at the bottom end of the guidelines.  *See Bonanno*, 146 F.3d at 511 ("[W]hen an orally pronounced sentence is ambiguous the judgment and commitment order is evidence which may be used to determine the intended sentence." (internal quotation marks and citation omitted)); *see also Bull*, 214 F.3d at 1279; *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000); *United States v. Garcia*, 37 F.3d 1359 (9th Cir. 1994).  Nevertheless, in the interest of justice, we order a limited remand.

On this limited remand, Judge Lozano should initially determine whether the transcript of the sentencing hearing accurately reflects the term of imprisonment orally pronounced.  If the transcript incorrectly sets forth the term of imprisonment orally imposed, the transcript of the sentencing should be corrected and the corrected transcript should be sent to this court and made part of the record on appeal.

However, if the number "150" appearing in the sentencing transcript was correctly transcribed, then Judge Lozano should indicate whether he intended to impose a term of 150 months or whether that number was mistakenly uttered.

If Judge Lozano indicates that he misspoke, and intended to impose the 210-month sentence recorded in the written judgment, that 210-month sentence will be affirmed upon return of that finding to this court.  On the other hand, if Judge Lozano reports that he intended to sentence Zepeda to a term of imprisonment of 150 months, this case will be remanded to the district court with instructions to amend the written judgment to reflect the 150-month sentence.

LIMITED REMAND ORDERED IN ACCORDANCE HEREWITH.