FILED

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50448 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00103-SGL |
| v. | |
| BRUCE THRON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Bruce Thron appeals from the 48-month sentence imposed following his

guilty-plea conviction for possessing child pornography, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SZ/Research

§ 2252A(a)(5)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Thron contends that his sentence is unreasonable. The record reflects that the district court did not procedurally err and the sentence is reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Thron also contends that the district court erred when it imposed a condition of supervised release which restricts his computer use (Condition 7). The district court did not err because the ban is not absolute and is reasonably related to the offense and the important goal of deterrence. *See United States v. Rearden*, 349 F.3d 608, 620-21 (9th Cir. 2003).

Thron also challenges several conditions of his supervised release (Conditions 13-16) which prevent him from being near or contacting individuals under age 18. The district court did not plainly err when it imposed these conditions because the conditions are reasonably related to the offense, the goal of rehabilitation, and protection of the public. *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008).

Thron contends that the condition which requires him to undergo Abel testing (Condition 5) should be vacated because the district court failed to apply

the heightened scrutiny analysis set forth in *United States v. Weber*, 451 F.3d 552, 560-61 (9th Cir. 2006), and involves a greater deprivation of liberty than is reasonably necessary. This contention is foreclosed. *See United States v. Stoterau*, 524 F.3d 988, 1004-07 (9th Cir. 2008).

We remand to the district court with instructions to modify Condition 12 to clarify that the prohibition against possessing materials describing child pornography does not apply to materials necessary to, and used for, a collateral attack, or to materials prepared or used for the purposes of Thron's court-mandated sex offender treatment. *See United States v. Cope*, 527 F.3d 944, 958 (9th Cir. 2008).

We also remand with instructions that the district court amend the written judgment to conform to the oral pronouncement of sentence because Condition 16 in the written judgment includes a sentence restricting Thron's residence that was not included in the oral pronouncement. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam). On remand, the district court shall delete the first sentence of Condition 16 in the written judgment which provides, "The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18."

**AFFIRMED; REMANDED to correct the judgment.**