**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50120 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00466-DDP-5 |
| v. | |
| JAMAR DEWAYNE GREER, AKA Mainline, AKA Seal E, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, HAWKINS and FISHER, Circuit Judges.

The district court did not abuse its discretion by admitting evidence of Greer's

gun possession at the time of his arrest. The gun evidence provided necessary context

for a taped "fall out" conversation between two other co-conspirators to show that

Greer was a member of the conspiracy. *See United States v. DeGeorge,* 380 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1203, 1220 (9th Cir. 2004). The evidence was not unduly prejudicial because it tied Greer to the taped conversation–which was charged as an overt act of the conspiracy– and the court gave a proper limiting jury instruction. *See id*.; *see also United States v. Cherer*, 513 F.3d 1150, 1158-59 (9th Cir. 2008).

As the government concedes, we must remand so that the district court can conform the written judgment to the oral pronouncement at sentencing. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974). The written order should be corrected to prohibit Greer from obtaining identification in any name *other than his true legal name* without prior written approval from the Probation Officer.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED IN PART.**