**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50389 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00483-DDP-1 |
| v. | |
| DWAYNE PHELPS, AKA Dewayne Phelps, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted September 1, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and NAVARRO, District
Judge.[**]

Dwayne Phelps appeals the sentence imposed by the district court following

Phelps's guilty plea to six counts of bank robbery in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gloria M. Navarro, District Judge for the District of
Nevada, sitting by designation.

§ 2113(a). The district court sentenced Phelps to 151 months, at the low end of the advisory Sentencing Guidelines range, to be followed by a three-year term of supervised release. We review the district court's sentencing decision for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citation omitted).

Phelps contends that the sentence imposed is procedurally unreasonable because 1) the district court did not give due consideration to the requisite 18 U.S.C. § 3553(a) factors; 2) the district court gave too much weight to the need to protect the community; and 3) the district court did not adequately explain its reasons for the chosen sentence. We disagree.

First, while the district court must consider all factors set out in 18 U.S.C. § 3553(a) before imposing a sentence, "[t]he district court need not tick off each of the section 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992. Here, the district court gave the defense ample opportunity to describe Phelps's specific set of circumstances, and the district court considered Phelps's personal circumstances in addition to the other § 3553(a) factors. The district court mitigated the sentence by imposing a custodial term at the low end of the advisory Guidelines range and by ordering that Phelps's sentence run concurrently with his other sentences for violating his prior supervised release and parole.

Second, in considering the § 3553(a) factors, the district court is not required to accord equal weight to each and every fact or circumstance. *See Gall v. United States*, 552 U.S. 38, 57 (2008) (stating that it was not unreasonable for the sentencing judge to attach "great weight" to a single consideration when the circumstances merited such weight). It was not unreasonable for the district court to determine that the need to protect the community took on deeper significance in light of Phelps's 30-year history of recidivism. This emphasis, after reasonable consideration of the other § 3553(a) factors, does not render the resulting sentence unreasonable. *See id*.

Third, there is no merit to Phelps's contention that the district court did not adequately explain on the record its reasoning for selecting the sentence. The district court both adopted the analysis and recommendations of Phelps's federal probation officer and discussed its own reasoning during the sentencing hearing. *See Carty*, 520 F.3d at 992 ("[Reasonable] explanation communicates that the parties' arguments have been heard, and that a reasoned decision has been made. It is most helpful for this to come from the bench, but adequate explanation in some cases may also be inferred from the [pre-sentencing report] or the record as a whole.").

Phelps next argues that the sentence is substantively unreasonable because the purpose of the sentence was to address Phelps's personal needs and the career offender guideline was unreasonable as applied to Phelps. Again, we disagree.

It is true that the district court adopted the probation officer's analysis and recommendation for sentence, which opined that a custodial placement would be the best option for addressing Phelps's particular circumstances, but the district court then expressly said that the sentence imposed was not motivated by this opinion. *See Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters.").

Nor does the record suggest that the career offender guideline enhancement was unreasonable as applied to Phelps. Between 1981 and 2009, Phelps committed at least 13 bank robberies. The nature of Phelps's unremitting criminal activity, including threats of violence during the commission of his crimes, supports that the application of the career offender enhancement to Phelps was not substantively unreasonable. If Phelps was not a career bank robber, then no one is.

Finally, Phelps argues that the oral pronouncement of sentence is not consistent with the written judgment. But there is no conflict between the district

court's oral pronouncement of sentence and the district court's written order. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).  Also, although in its written judgment and commitment order the district court did not memorialize its oral pronouncement that Phelps's supervised release revocation sentence of 24 months would run concurrently with his 151 month sentence, the pronouncement was memorialized in the written supervised release revocation judgment.  Taken together, the judgment and commitment order and the supervised release revocation order are consistent with the district court's oral pronouncement of sentence.

**AFFIRMED**.