**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10472 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01879-DGC-1 |
| v. | |
| CORNELIUS DOZIER, IV, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges and SCHEINDLIN,[**] Senior District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Shira Ann Scheindlin, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Appellant Cornelius Dozier, IV pleaded guilty to four counts of armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). The plea agreement required Dozier to pay restitution not to exceed $100,000.

## I. The Restitution Award

The U.S. Probation Officer prepared a Presentence Investigation Report (PIR). The PIR stated that restitution should be ordered in the amount of $35,317.43. That amount was calculated by totaling the losses suffered by each victim, and then reducing the total by "$2,707 due to currency recovered by law enforcement." While the PIR stated the amount of losses suffered by each victim, it did not suggest to which victim or victims the recovered currency should be applied.

At sentencing, the Probation Officer acknowledged one problem with the PIR's restitution calculation: it included a $400 special assessment, which should not have been included in that portion of the PIR. With that correction, the district court held the total restitution amount to be $34,917.43: the PIR's suggestion of $35,317.43, minus $400. However, the district court also ordered Dozier to pay restitution to each victim in the amount of the victim's original loss. Those sums total $37,624.43. The district court stated that those amounts totaled $34,917.43, once the amount recovered by law enforcement was accounted for. So, while the

district court unambiguously intended to credit Dozier for the seized amount, it did not order a particular disposition of the seized funds, and thus left Dozier with two conflicting obligations: first, to pay restitution to each victim in the amount of its initial loss, which together totaled $37,624.43, and second, to pay a total restitution amount of $34,917.43.

Further complication ensued. The government filed a motion to amend the judgment, arguing that the restitution amount should not have been reduced *ex ante* by the amount of currency seized at Dozier's arrest. The government also made minor corrections to the amounts that were seized and returnable. It noted that $394 of the seized money was dye-stained, and therefore could not be put back into circulation. And it clarified that the total amount seized was $2897, because the PIR overlooked $190 that Dozier had in his pocket when he was arrested.

Defendant filed an opposition, arguing that whether seized funds should be deducted before calculating the restitution award was not the proper subject of a Rule 36 motion. However, Dozier agreed to the corrections related to the dyed money and the pocket money, and noted that this meant that the $2,503 in non-damaged currency "was recovered when Mr. Dozier was arrested moments after the robbery of BMO Harris bank, [which] is (not coincidentally) the exact amount

reported stolen from BMO Harris bank." Given the parties' agreement, we likewise hold that the government seized $2,503 in circulable currency.

The district court granted the government's motion, and issued an amended judgment which increased the restitution award to $37,624.43, which is the total initial victim loss. The amended judgment also stated that "[i]f the Government elects to pay seized money to the banks, those amounts will be credited against Defendant's restitution obligation."

On appeal, the parties disputed whether the amended judgment's failure to order that seized funds be returned and credited against the loss before restitution was calculated constituted an illegal sentence. We need not address that issue here, because "[i]n cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).

Here, while there is an ambiguity in each of the district court's oral and written pronouncements concerning *how* the seized funds should be distributed among the victims, the oral pronouncement unambiguously stated that the seized funds were in fact applied to reduce Dozier's remaining restitution obligation. And, while it was initially a point of contention, the government clarified that

4

"[u]pon conclusion of this appeal, the government will release the property to the Clerk of the District Court, and the funds can be properly applied to the restitution order."[1]

Accordingly, we direct the district court to order the return of the $2,503 in seized funds to BMO Harris Bank. The district court shall also order restitution to each other victim as previously ordered, totaling $35,121.43, which is the total initial loss of $37,624.43 less the $2,503 in seized and circulable funds that will be returned to BMO Harris Bank.

## II. The Forfeiture Award

At sentencing, the government requested an order of forfeiture in the amount of $27,374. The district court responded that it had not "seen a motion for an Order of Forfeiture," and the government acknowledged that it had not yet filed one. The district court responded: "If you think the order is necessary, why don't you go ahead and file that motion?" While the government did not subsequently file such a motion, the district court nonetheless issued a judgment ordering forfeiture in the amount of $27,374.

---

[1] The government's motion to supplement the record, ECF No. 37, is granted.

Dozier filed a motion to amend the judgment, arguing that the government had not complied with the relevant forfeiture provisions, and pointing out that the government had not filed the potential forfeiture motion discussed at sentencing. The government conceded the point, and did not oppose the motion. However, when the district court issued its Amended Judgment, it still contained a forfeiture order.

The parties agree that the District Court erred in including a forfeiture award in the Amended Judgment. As the government conceded in its response to Dozier's Rule 36 motion to correct the sentence, it did not file a preliminary motion for an order of forfeiture at the appropriate time. Accordingly, the condition precedent to a forfeiture order established by Fed. R. Crim. P. 32.2(b) was not met, and the forfeiture award must be reversed.

## III. Conclusion

The judgment is REVERSED as to the forfeiture award, and otherwise VACATED. The district court is directed to issue an amended judgment (1) omitting the forfeiture order, (2) ordering the government to distribute the $2,503 in seized funds to BMO Harris Bank, and (3) ordering restitution to the other victims in the amount of each victim's loss, such that Dozier is ordered to pay restitution totaling $35,121.43.

6