NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50053 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02781-LAB-1 |
| v. | |
| RICARDO LARA, AKA Ricardo Lara-Gonzalez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EZRA,[**] District Judge.

Ricardo Lara pleaded guilty to one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 & 960 and was sentenced to twenty-four months in prison to be followed by sixty months of supervised release.  After his release from

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

prison, Lara violated several conditions of supervised release. At a hearing about the violations, the district court expressly stated it was not revoking supervised release. The court, however, also orally imposed a custodial sentence of almost eleven months. Notwithstanding the oral pronouncement, a subsequent written judgment stated that supervised release had been revoked. The written judgment also recalculated the term of supervised release to remove credit for the time spent on release before the violations.

On appeal, Lara asks that we direct the district court to modify the written judgment to conform to the oral pronouncement, that his term of supervised release be corrected to reflect credit for the time already spent on post-release supervision, and that the custodial term be vacated. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

1.     If an unambiguous oral pronouncement of a sentence directly conflicts with a written judgment, the former controls. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam). The parties agree that the oral pronouncement unambiguously provided that supervised release was not revoked, but the written judgment said that it had been. We therefore remand for the district court to modify the written judgment to conform to the oral pronouncement. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

2.     Because the district court did not revoke supervised release, it should

2

not have recalculated the remaining term of supervised release to remove credit for time already spent on release. *See* 18 U.S.C. § 3583(e)(3). We therefore instruct the district court on remand to correct its judgment to accurately reflect the remaining term of supervised release.

3. The district court plainly erred in imposing a custodial sentence as a condition of supervised release. *See* 18 U.S.C. § 3583(d), (e)(2). The purpose of supervised release is "to assist individuals in their transition to community life" and it therefore "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Hence, we have made clear that "conditions of supervised release may *not* involve punishment or incarceration."[1] *United States v. Bahe*, 201 F.3d 1124, 1130–31 (9th Cir. 2000). We therefore vacate the custodial sentence.

**VACATED AND REMANDED with instructions.** The mandate shall issue forthwith.

---

[1] Although 18 U.S.C. § 3563(b)(10) allows a district court, without revoking supervised release, to remand a defendant to the "custody of the Bureau of Prisons, during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of . . . supervised release," the district court did not invoke this provision. Moreover, the custodial term imposed extends beyond the first year of supervised release.