NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN NILES AMEELYENAH,

Defendant - Appellant.

No. 23-3954

D.C. No.
2:22-cr-01296-SPL-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 2, 2025
Phoenix, Arizona

Before: HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge R. NELSON.

Ryan Niles Ameelyenah appeals his sentence of 120 months for one count of
assault resulting in serious bodily injury and one count of assault resulting in
substantial bodily injury of an intimate partner in violation of 18 U.S.C. §§
113(a)(6)–(7) and 1153. We have jurisdiction under 28 U.S.C. § 1291, and we

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm his sentence in part and vacate and remand in part for clarification.

1. Ameelyenah challenges the district court's imposition of the statutory maximum sentence of 120 months (nearly double the Sentencing Guidelines range as calculated in his Pre-Sentence Investigation Report (PSR) and 33 months greater than the 87-month sentence the government requested). We affirm the length of the sentence, which survives either the plain-error or abuse-of-discretion standards of review.

Ameelyenah's sentence was procedurally proper. The district court "set forth enough to satisfy" us that it "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (quotation omitted). The district court correctly relied on the 18 U.S.C. § 3553(a) factors and provided significant explanation for its decision to vary from the Guidelines, including that this was one of a series of brutal crimes against intimate partners, that it earlier sentenced Ameelyenah for a similar crime against the same victim with little deterrent effect, and that Ameelyenah's violent behavior towards intimate partners was escalating.

Ameelyenah also argues procedural impropriety because the district court relied, "at least in part, on unproven facts." In response to an email Ameelyenah's victim sent to the court indicating that she wanted him home, the district court said that "there's no doubt in my mind that you talked to her on the phone and you said,

you really need to help me out. You need to tell the judge that you want me back home." A district court is "entitled to make reasonable inferences" at sentencing. *United States v. Orozco-Acosta*, 607 F.3d 1156, 1166 (9th Cir. 2010). The district court found little value in this mitigating evidence because it thought Ameelyenah either persuaded the victim to write the email or she was motivated by the need for Ameelyenah's income. In making this inference, the district court relied on its considerable experience dealing with similar cases of partner abuse. The district court also relied on a recording presented at trial in which Ameelyenah successfully persuaded the victim not to testify at trial.

Ameelyenah's sentence was substantively reasonable. The district court appropriately relied on the § 3553(a) factors when crafting the sentence. Ameelyenah broadly claims that the district court overlooked the applicable Guidelines range, the kinds of sentences available, and the need to avoid sentence disparities for defendants with similar records. We "assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *Carty*, 520 F.3d at 992. The district court also heard from both Ameelyenah and the government and considered the possible sentences and the Guidelines range. And Ameelyenah does not provide examples of sentences comparable to *his* circumstances—instead, he cites examples of defendants in assault cases broadly.

3                                                                    23-3954

2. Ameelyenah challenges a special condition of release (Special Condition 6) which potentially prohibits him from contacting his children. We vacate and remand for clarification on Special Condition 6.

In the written judgment, Special Condition 6 states that Ameelyenah "must not contact" his victim and that "the probation officer will verify compliance." This appears to implicate Ameelyenah's right to contact only the victim, with whom he has minor children. But when asked to clarify this condition of release, the district court concluded his explanation by stating that "you can't contact any minor child that you have" with the victim. Under our precedent, a condition of release that restricts access to one's children implicates a significant liberty interest and carries "an enhanced procedural requirement to make special findings on the record" to support it. *United States v. Wolf Child*, 699 F.3d 1082, 1087, 1090 (9th Cir. 2012). The district court did not make any *Wolf Child* findings.

The district court was less than clear at sentencing, and "[t]he only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam). While "written judgments . . . may properly serve the function of resolving ambiguities in orally pronounced sentences," *Payne v. Madigan*, 274 F.2d 702, 705 (9th Cir. 1960), the district court's statement that Ameelyenah "can't contact any minor child" he has with the victim conflicts with the written judgment.

Because such a condition would require *Wolf Child* findings, and none were made here, we vacate Special Condition 6 and remand for the district court to clarify this condition of release.

3. At sentencing, the district court fined Ameelyenah "a total of $2,000," one thousand dollars for each count, "due immediately." Ameelyenah challenges this fine because the written judgment stated that "[t]he Court finds the defendant does not have the ability to pay a fine and orders the fine waived." The government does not oppose remanding this to the district court. Because we remand for clarification on Special Condition 6, we also remand for the district court to clarify the fine.

**AFFIRMED in part, VACATED and REMANDED in part.**

FILED

MAY 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

R. Nelson, J., concurring in part and dissenting in part:

I agree that the sentence is procedurally sound and substantively reasonable and that we should vacate and remand Special Condition 6 for clarification. Following precedent, however, we should not vacate and remand the $2,000 fine for clarification.

As the majority correctly notes, "[t]he only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam). "Where a discrepancy arises between the terms of an oral pronouncement of a sentence and the subsequent written judgment, the terms of the oral pronouncement control." *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009). The district court orally fined Ameelyenah "a total of $2,000," "due immediately." The district court's oral fine was not ambiguous. At most, we should remand for the district court to conform the written judgment to the oral sentence. *See United States v. Holden*, 908 F.3d 395, 404 (9th Cir. 2018).