Jerry Henry **GREEN**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 71–1916.

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1971.

Rehearing Denied Oct. 20, 1971.

Jerry H. Green, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., John Newman, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Appellant was convicted on five counts of an indictment charging violations of 21 U.S.C. § 174 [sale of narcotics and conspiracy]. His convictions were affirmed on direct appeal. Green v. United States, 282 F.2d 388 (9th Cir. 1960). Here, he appeals from a denial of his 28 U.S.C. § 2255 application, 324 F.Supp. 321. We affirm.

The sole issue presented is whether there was an impermissible variance between the sentence as announced from the Bench, and the judgment of commitment and sentence entered on the same day.

■■ Although the court's oral pronouncement seems to be somewhat ambiguous, when read as a whole it does reflect the court's intention to impose a total sentence of twenty years. There is no ambiguity whatsoever about the written judgment of commitment and sentence. That the sentence in writing should be referred to in order to resolve ambiguities in the oral pronouncement is well settled. Baca v. United States, 383 F.2d 154, 157 (10th Cir. 1967); Chapman v. United States, 289 F.2d 539, 544 (5th Cir. 1961); Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960). Viewed in the light of the preciseness of the written sentence, the ambiguity, if any, in the oral pronouncement completely disappears. The same thing can be said of the alleged variance.

Affirmed.