**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry Leroy O'BRIEN,**
**Defendant-Appellant.**

No. 85–5194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1986.

Decided May 15, 1986.

Charles Lee, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Before KENNEDY and SCHROEDER, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

In this appeal from the denial of a motion for release from probation supervision, appellant, Henry Leroy O'Brien, contends that his five-year term of probation began to run from the date he was released from federal custody in 1979 rather than the date he was released from Oklahoma custody in 1983 because the district judge who imposed the term of probation did not specify in the judgment and commitment order ("judgment") whether probation was to commence upon release from *any and all* confinement, or whether it was to commence upon release from federal confinement alone. The issue on appeal is whether this failure to specify rendered the judgment ambiguous, or whether it was clear notwithstanding its lack of specificity. Because this Court finds that the district judge's language was clear and unambiguous, the denial of the motion for release from probation is affirmed.

I

In 1973, appellant was convicted on two counts of manslaughter in Oklahoma state court. He was given two consecutive fifty-year sentences. After reversal on appeal and reconviction, he was given two consecutive ten-year sentences, which on appeal were reduced to two seven-year terms. While free on bond during the appeal of the subsequent conviction, appellant was arrested in Orange County, California, on apparently unrelated charges.

During the pendency of the Orange County charges, appellant was released on bond and then arrested on the charges that give rise to the sentence at issue in this case. Specifically, appellant was charged with three counts of violating 18 U.S.C. § 474, possession of counterfeiting plates, printing counterfeit obligations, and possession of counterfeit obligations. While the counterfeiting charges were pending, appellant was convicted on the Orange County charges and sentenced to three years imprisonment, the sentence to run concurrently with any sentence later imposed in the counterfeiting case.

Appellant was convicted on the counterfeiting charges. The district court sentenced appellant on June 6, 1977. Appellant received a seven-year sentence of imprisonment on each of the first two counts; the sentences were to run concurrently with each other, but consecutive to the Orange County sentence. On the third count, the district judge suspended sentence and placed appellant on probation, "to commence on his release from confinement * * *."

In November 1979, appellant was released from federal custody. He was given credit for federal time served against the Orange County sentence, thus making it unnecessary for him to serve any additional time in California state custody. Instead, appellant returned to Oklahoma to serve his Oklahoma sentences. He was released from Oklahoma custody in March 1983.

On May 31, 1985, appellant went before the district court that had sentenced him on the counterfeiting charges and moved for release from probation. He argued that the judgment was ambiguous with respect to when the probation term would start running and, therefore, that the probation must be deemed to run concurrently with the Oklahoma sentences. Under appellant's theory, probation began to run in November 1979, when he was released from federal custody, and it expired in November 1984.

In opposing the motion for release from probation supervision, the government argued that the district court's judgment was not ambiguous with regard to when probation would start. Probation was to begin when appellant was released from any and

---

* Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

all confinement, the government contended. Under the government's theory, probation began to run in March 1983, when appellant was released from Oklahoma custody, and will not expire until March 1988.

The district court *sua sponte* dispensed with oral argument on the motion for release from probation. On July 29, 1985, the court filed an order denying the motion without comment. Appellant timely filed a notice of appeal on August 8, 1985. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

## II

■ As noted above, the issue is whether the district court's judgment was ambiguous with respect to when probation was to commence. Appellant argues that it was ambiguous and, therefore, it must be presumed that the probation ran concurrently with the Oklahoma sentences, under the rule of *United States v. Adair*, 681 F.2d 1150, 1151 (9th Cir.1982). The government argues that the judgment was not ambiguous and, therefore, the probation ran consecutively to the Oklahoma sentences. The easiest way to resolve this issue would be to find that the judgment must be interpreted one way because the judge lacked the authority to order the other. However, such is not the case. The trial court was authorized to run the probation term consecutively to the Oklahoma sentence. *See United States v. Thornton*, 710 F.2d 513, 516 (9th Cir.1983). The court was also authorized to run a term of probation concurrently with the Oklahoma sentence.[1] Thus, neither reading of the court's judgment can be eliminated on the basis that it lacked the power to impose such terms.

■ The judgment, however, requires no external explanation. One could not harbor any serious doubt about the district judge's intention. He plainly meant that probation was to commence when appellant

was discharged from *any and all* confinement. It would require a most unnatural and extraordinary interpretation of plain English to find an ambiguity in the judgment. If a judge says that probation will commence on release from confinement, the normal and probable meaning of the words is that probation begins when the defendant is no longer incarcerated. Because appellant was not discharged from imprisonment until March 1983, that is when the probationary period began.

■ Appellant argues that because the district judge knew of the Oklahoma sentences from the presentence report, his omission of any reference to them gives rise to an inference that he intended probation to run concurrently with the Oklahoma sentences. The argument is without merit. Far from aiding appellant's cause, the fact that the district judge knew of the Oklahoma sentences militates in favor of finding an intention to run the probation *consecutively*. The judge was aware that there would be other incarceration subsequent to the federal incarceration, yet he used language in the judgment that clearly and plainly encompasses *all* confinement, without any qualification. If the judge had wanted to qualify the word "confinement," he would have done so expressly, considering the fact that there were three separate imprisonments involved. Perhaps to be on the safe side, the judge should have expressly stated "all confinement," but understandably, he thought the word "confinement," standing alone, was plain enough. The judgment was not ambiguous.

## III

■ Because we find that the judgment was clear and unambiguous, we affirm the district court's denial of the motion for release from probation. However, it is worth noting that (contrary to appellant's

1. A federal judge cannot run a term of *imprisonment* concurrently with a state sentence because the Attorney General alone is empowered to decide where a sentence shall be served. 18 U.S.C. § 3568; *United States v. Myers*, 451 F.2d 402, 404 (9th Cir.1972). However, because the Attorney General has no such exclusive power to determine where *probation* shall be served, a federal judge can run a probation term concurrently with a state sentence.

argument) reversal would not be required even if the judgment was truly ambiguous. Appellant argues that under *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974), the judgment must be viewed objectively. In other words, the trial court's actual intent behind the judgment cannot now be taken into account. Appellant insists that *Munoz-Dela Rosa* requires the language of the judgment to be taken at face value without considering any evidence of the trial court's thinking. Applied to the facts of this case, appellant's reading of *Munoz-Dela Rosa* would forbid this Court from considering the probative value of the district court's denial of the motion to release.[2]

We do not share appellant's view of *Munoz-Dela Rosa*. That case does not, as appellant urges, prohibit appellate courts from taking the sentencing judge's original intent into account. If appellant were correct in his interpretation of *Munoz-Dela Rosa*, no trial judge could ever clarify the meaning of an ambiguous sentence after the sentence had been pronounced in open court. No appellate court could ever consider such a subsequent clarification of intent. Such a rule could result in convicted defendants receiving a bonanza in sentencing simply because the district judge inadvertently omitted a word or phrase from a judgment, thus rendering it ambiguous or open to interpretation. We decline to endorse such a rule.

Viewed charitably, appellant's reading of *Munoz-Dela Rosa* is novel and creative. In *Munoz-Dela Rosa*, the trial judge had inadvertently said "concurrent" instead of "consecutive" at the oral sentencing. The written judgment, on the other hand, correctly stated that the sentence was to run "consecutively" to a sentence previously imposed by a magistrate. On appeal, the panel held that "where there is a direct conflict between an *unambiguous* oral pronouncement of sentence and the written judgment and commitment * * * the oral

pronouncement, as correctly reported, must control." 495 F.2d at 256 (emphasis added). In other words, *Munoz-Dela Rosa* commands that where the defendant is unambiguously told one thing in open court, the trial judge may not later go back and change it. If a clear oral sentence is pronounced in court, that must control over any subsequent "clarification" or modification.

If, however, the oral pronouncement is ambiguous or open to reasonable interpretation (as appellant contends here), it cannot possibly "control." A truly ambiguous pronouncement can provide no guidance. Equally important, a truly ambiguous pronouncement does not create any expectations on the part of the defendant who hears it in open court. In *Munoz-Dela Rosa*, the defendant was told to his face that the sentences would run concurrently. He, therefore, had a reasonable expectation that they would be run concurrently. That reasonable expectation had to be protected from later clarification or modification by the trial judge. But where the pronouncement is ambiguous, there is no reasonable expectation requiring protection from subsequent clarification.

Thus, *Munoz-Dela Rosa* must be distinguished from the present case. Assuming for the sake of argument that the judgment (both written and oral) was ambiguous, this case presents a totally different situation from that in *Munoz-Dela Rosa*, where the oral pronouncement, though in error, was clear and unambiguous. If the judgment in the present case was ambiguous, then the trial judge's later denial of the motion for release from probation is convincing and probative evidence that he originally intended to run the probation consecutive to the Oklahoma sentences, and *Munoz-Dela Rosa* does not prohibit this Court from considering that evidence.

**IV**

The judgment was clear and unambiguous. Probation was to commence upon

---

**2.** It is crucial to note that the judge who denied the motion for release from probation was the same judge who originally sentenced appellant and was, therefore, in a good position to interpret the judgment.

release from *all* confinement. Even assuming the judgment was ambiguous, the subsequent denial of the motion for release by the sentencing judge was persuasive evidence that he intended the probation to commence upon release from Oklahoma confinement. The denial of the motion for release from probation supervision is AFFIRMED.