963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Bernard MOORE, Defendant-Appellant.
 No. 91-10082.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided May 18, 1992.
 
 Before BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moore raises five issues on appeal, none of which requires reversal.
 
 
 3
 A. In the district court, Moore did not contend that the court should consider what he did after the original sentencing. In fact, Moore's counsel specifically requested that the court not take such matters into account. As such, Moore cannot now raise this argument. See United States v. Edwards, 800 F.2d 878, 884 (9th Cir.1986) ("Absent exceptional circumstances, this court will not consider issues raised for the first time on appeal."). In any event, the court did not abuse its discretion; it sentenced Moore within the statutory limits. Furthermore, Moore likely would have been worse off if the district court had considered his post-sentencing activities given that Moore apparently had escaped from prison and falsified a credit card application during that time.
 
 
 4
 B. The government did not promise in the plea agreement to remain silent at sentencing. It agreed only that it would not recommend a specific term of imprisonment. Thus, its suggestion that the court order Moore not to apply for any more credit cards was not inconsistent with the terms of the plea agreement.
 
 
 5
 C. Moore's case does not fit within either of the exceptions to United States v. Broce, 488 U.S. 563, 574-76 (1989). Therefore, when Moore pled guilty he waived any argument based on the Double Jeopardy Clause.
 
 
 6
 D. Moore cannot now--on appeal--challenge the factual basis for his guilty plea. He should not have pled guilty if he wished to contest the facts underlying the offense.
 
 
 7
 E. We accept the district court's characterization of its prior fine. See United States v. O'Brien, 789 F.2d 1344, 1347-48 (9th Cir.1986); United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985). We thus find no vindictiveness: It is obviously not vindictive to impose the same fine as previously imposed. As to the conditions of probation the court added at the second sentencing, they do not support a finding of vindictiveness.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3