**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernest Bernard MOORE, Defendant–**
**Appellant.**

No. 00–10523.

D.C. No. CR–86–00841–DLJ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD
and GOULD, Circuit Judges.

MEMORANDUM **

Ernest Bernard Moore appeals pro se the district court's order denying his Fed-

---

eral Rule of Criminal Procedure 35(a) motion to correct an allegedly illegal sentence.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Moore contends that his sentence is illegal because the charging statute does not authorize consecutive sentences for crimes arising from the same transaction. The basis of Moore's contention was rejected previously by this court in two of Moore's prior appeals. *See United States v. Moore*, No. 91–10082, 1992 WL 104800, at *1 (9th Cir. May 18, 1992) (stating that Moore could not challenge the factual basis for his sentence because he pleaded guilty to the charged offenses); *United States v. Moore*, No. 99–10093, 2000 WL 127253, at *1 (9th Cir. Feb.3, 2000) (reaching same conclusion based on the law of the case doctrine). Moore has not raised an applicable exception to the law of the case doctrine. *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because Moore committed his offenses before November 1, 1987, the prior version of Rule 35(a), allowing a district court to correct an illegal sentence at any time, applies.