UNITED STATES of America,
Plaintiff–Appellee,

v.

Troy HOLLAND, Defendant–Appellant.

No. 05–10744.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Oct. 3, 2006.

Jay R. Weill, Esq., Barbara J. Valliere, Esq., USSF, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

David A. Nickerson, Esq., San Rafael, CA, for Defendant–Appellant.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

MEMORANDUM **

On March 15, 2004, Troy Holland ("Holland") was sentenced to a sixty-month term of imprisonment for twenty-seven counts of willfully aiding or assisting in the filing of false federal income tax returns in violation of 26 U.S.C. § 7206(2). The district court explained that the term of imprisonment comprised thirty-six months for the first count of Holland's indictment ("Count 1") and twenty-four months for the second count ("Count 2"), to run consecutively. The sentences for Holland's twenty-five other counts were to run concurrently with Counts 1 and 2, so that his

---

* The Honorable David G. Trager, Senior District Court Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

total term of imprisonment was sixty months. Holland was also sentenced to three years of supervised release. Finally, Holland was ordered to pay restitution and the special assessment fee of $100 per count.

On August 1, 2005, in a memorandum disposition, this court affirmed Holland's conviction, but remanded for further sentencing proceedings. Specifically, this court vacated the district court's restitution order and remanded, instructing the court to establish a new payment schedule. In addition, because Holland had been sentenced under the mandatory United States Sentencing Guidelines scheme, the panel remanded this matter to the district court to determine " 'whether the judge would have imposed a materially different sentence had [she] known that the Guidelines are advisory rather than mandatory,' " and, if so, "to resentence accordingly." *United States v. Holland*, No. 04–10199, at 4 (9th Cir. Aug. 1, 2005) (quoting *United States v. Ameline*, 409 F.3d 1073, 1083 (9th Cir.2005) (en banc)).

Following this court's remand, the district court received written submissions from the parties and held a hearing on October 31, 2005. After giving each party an opportunity to be heard, Judge Wilken stated unequivocally that she would have imposed the same sentence in the absence of mandatory Sentencing Guidelines. At the close of the hearing, she resentenced Holland—announcing a revised restitution order and reimposing a term of imprisonment of sixty months and a three-year period of supervised release.[1] Judge Wilken's oral pronouncement of Holland's term

of imprisonment was ambiguous, however, because she went on to describe the computation of the sentence in such a way that the total term of imprisonment would have been only thirty-six months.

On November 7, 2004, the district court entered a written, amended judgment sentencing Holland to a sixty-month term of imprisonment and three years of supervised release. Here, as in the original judgment, Holland was unambiguously sentenced to thirty-six months for Count 1, to be followed by twenty-four months for Count 2, with sentences for the remaining counts running concurrently.

■ As we have previously explained, "the written sentence will control where there are ambiguities in the oral pronouncement of the sentence, and the writing resolves the ambiguity." *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir.1994) (citing *Green v. United States*, 447 F.2d 987, 987 (9th Cir.1971)), *receded from on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir.1999). We therefore look to the district court's amended, written judgment to determine Holland's term of imprisonment, which totals sixty months.[2]

■ As both parties agree, the three-year term of supervised release imposed by the district court is not authorized by law. Holland was convicted of Class E felonies, as defined by 18 U.S.C. § 3559(a)(5), and each is subject to a maximum one-year period of supervised release. *See* 18 U.S.C. § 3583(b). Under 18 U.S.C. § 3624(e), the terms of supervised

---

1. Since the court in the prior remand did not vacate the original sentence of imprisonment, technically there was no need to "reimpose" the sentence of imprisonment.

2. This accords with our understanding of Judge Wilken's subjective intent. *Cf. Fenner v. U.S. Parole Comm'n*, 251 F.3d 782, 786 (9th Cir.2001) (considering a sentencing judge's intent when interpreting an ambiguous written order) (citing *United States v. O'Brien*, 789 F.2d 1344, 1347 (9th Cir.1986)).

release for Holland's twenty-seven counts must be served concurrently. Accordingly, we vacate the district court's order of supervised release and remand so that the district court may correct this error.

Finally, we note that we have not undertaken to review the reasonableness of Holland's sentence. *Cf. Ameline,* 409 F.3d at 1074–75, 1085. As the government agreed at oral argument, such appellate review will be appropriate if Holland timely appeals the district court's entry of an amended judgment following our remand here.

**VACATED IN PART; REMANDED.**