**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel PAHIA, Defendant–Appellant.**

No. 05–10616.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

Beverly Wee Sameshima, AUSA, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Alexander Silvert, Esq., Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Daniel Pahia appeals from his 135–month sentence imposed following his guilty-plea conviction for conspiracy to possess five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that the district court abused its discretion by delegating its authority to determine whether he had to take a non-treatment drug test and to determine the actual number of non-treatment drug tests to a probation officer, in violation of *United States v. Stephens*, 424 F.3d 876 (9th Cir.2005). We disagree.

The district court did not delegate its authority, and properly determined the maximum number of tests appellant was subject to, complying with the requirements of *Stephens*. *See id.* at 882–83, 884 n. 5.

Appellant also contends that because the oral pronouncement at sentencing conflicts with the written judgment, the oral pronouncement controls and the case should be remanded. However, viewing the sentencing transcript as a whole, the district court's intention is clear. Accordingly, we conclude that the written judgment resolves any ambiguity and should stand. *See Green v. United States*, 447 F.2d 987, 987 (9th Cir.1971) (per curiam).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.