UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Adolpho ESPINOZA,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Victor Avalos, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Antonio Gonzalez Ledesma,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jose Adolpho Espinoza, Defendant–
Appellant.

Nos. 05–50348, 05–50351,
05–50358, 05–50359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Submission Vacated Nov. 14, 2006.

Resubmitted and Filed April 13, 2007.

Becky S. Walker, Esq., Bonnie L. Hobbs, Esq., Adam H. Braun, USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiffs–Appellees.

Elizabeth A. Newman, Esq., Lara A. Bazelon, FPDCA–Federal Public Defender's Office, Los Angeles, CA, Michael S. Meza, Esq., Orange, CA, Alissa Sawano Peterson, Esq., Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendants–Appellants.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

MEMORANDUM *

Defendants Jose Espinoza, Victor Avalos and Antonio Ledesma appeal their sentences following convictions by guilty plea. All three defendants contend the district court erred in believing it lacked the discretion, post-*Booker*, to alter their criminal history calculation when determining eligibility for the "safety valve" provision of 18 U.S.C. § 3553(f). This argument is foreclosed by this court's recent decision in *United States v. Hernandez–Castro*, 473 F.3d 1004, 1005 (9th Cir.2007).

Ledesma additionally challenges the district court's rejection of his sentencing entrapment claim. The evidence suggests Ledesma was predisposed to deal in large quantities, as he told a confidential informant that he usually processed twelve pounds of methamphetamine a week. The record shows the government did nothing to encourage or coerce Ledesma into doing a larger deal, other than simply requesting a larger quantity of methamphetamine, which Ledesma readily agreed to provide.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Although the district court did not make explicit findings, the record is sufficiently clear that the court considered the relevant evidence and rejected Ledesma's argument.[1] The record thus amply supports the court's conclusion that Ledesma was not entrapped. *See United States v. Citro,* 842 F.2d 1149, 1152 (9th Cir.1988).

Finally, Ledesma seeks a remand for correction of a "clerical error" in the judgment, contending he should have received a $100 special assessment, instead of the $400 special assessment reflected on the judgment. However, construing the court's oral pronouncement as Ledesma argues will lead to an irrational or absurd result, as 18 U.S.C. § 3013(a)(2)(A) requires an assessment of $100 for each offense of which the defendant is found guilty. *See United States v. Hayes,* 385 F.3d 1226, 1228 (9th Cir.2004) (recognizing that special assessments are "fixed amounts that courts impose on each count of a conviction"); *Fenner v. Parole Comm'n,* 251 F.3d 782, 786–87 (9th Cir. 2001) (noting that in evaluating ambiguity, court considers whether pronouncement would lead to an irrational, absurd or illegal result). By leaving off the phrase "per count," the district court created an ambiguity in the oral pronouncement, which was clarified by the written judgment. *See United States v. O'Brien,* 789 F.2d 1344, 1347 (9th Cir.1986).

**AFFIRMED.**

1. "Where the record allows us to make a determination regarding the district court's application of the sentencing guidelines, remand is unnecessary." *United States v. Ari-* *as–Villanueva,* 998 F.2d 1491, 1513 (9th Cir. 1993).

