**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30055 |
| Plaintiff - Appellee, | D.C. No. 6:91-cr-60012-HO-1 |
| v. | MEMORANDUM[*] |
| JONATHAN MICHAEL MCGINLEY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted December 8, 2010
Seattle, Washington

Before: O'SCANNLAIN and PAEZ, Circuit Judges, and KENDALL[**], District Judge.

Plaintiff Jonathan McGinley ("McGinley") appeals the district court's written

imposition of a 46-month term of supervised release. We review de novo whether a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

district court had jurisdiction to correct an orally imposed sentence under Federal Rule of Criminal Procedure 35 and a district court's application of the supervised release statute. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.[1]

**1.** McGinley first argues that the district court's February 25, 2010 written clarification of its February 16, 2010 oral sentence was improper.

During the February 16 sentencing hearing, the district court stated that McGinley was "at one time one of the most dangerous people I've dealt with in 37 years." When the district court then pronounced the sentence, it stated that it was varying[2] upwards pursuant to 18 U.S.C. § 3553(a) to "a 14 month term of supervised release." The court also stated that "[t]he remaining conditions will remain the same."

In its corresponding written judgment of February 25, 2010, the district court imposed a 14-month term of imprisonment followed by a 46-month term of supervised release. The district court's oral pronouncement and its written judgment therefore present a conflict, which the district court explicitly acknowledged in its

---

[1] Prior to oral argument, the government filed an Urgent Motion to Dismiss pursuant to the fugitive disentitlement doctrine, 28 U.S.C. § 2466. We have considered the government's Motion and McGinley's opposition. The Motion is denied.

[2] The court initially pronounced that it was departing upwards but later clarified that it was varying under § 3553(a).

minute order of April 1, 2010.  McGinley argues that the district court's oral sentence on February 16 was unambiguous and should control.  We disagree.

A sentence is imposed at "the oral announcement of the sentence."  Fed. R. Crim. P. 35(c); *see United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998).  Generally, a court may not correct or modify a prison sentence once it has been imposed.  18 U.S.C. § 3582(c).

If, however, an orally pronounced sentence is ambiguous, the written judgment may be relied upon to clarify the ambiguity.  *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 255 (9th Cir. 1974) (per curiam); *Green v. United States*, 447 F.2d 987 (9th Cir. 1971) (per curiam) (ambiguity of oral pronouncement "disappears" when "[v]iewed in the light of the preciseness of the written sentence").  Ambiguous oral pronouncements are those that are capable of two or more different constructions, all of which are reasonable.  *See Allen*, 157 F.3d at 668.  A court may correct a sentence resulting from arithmetical, technical, or other clear error within 14 days.  Fed. R. Crim. P. 35(a).

Here, examining the entire sentencing in context, the oral sentence was clearly ambiguous.  Specifically, the district court's statement that McGinley was one of the most dangerous people it had dealt with, coupled with its statement that it was varying upwards, created ambiguity when it announced a sentence of 14 months supervised

release. While the 28 U.S.C. § 3553(a) factors are relevant in determining a term of supervised release, there can be no upward variance regarding supervised release because, unlike the advisory nature of the Sentencing Guidelines, the maximum terms of supervised release are set by statute. *See* 18 U.S.C. § 3583(b). In addition, a 14-month term of supervised release is well within the maximum range of 60 months of supervised release that the court could have imposed given McGinley's crime of conviction, negating any need for an upward departure or variance even if one were possible.

Having found that the oral pronouncement of sentence was ambiguous, we next examine the district court's written judgment. The record demonstrates that the district court's unambiguous February 25, 2010 written judgment clarifies the ambiguities of the oral pronouncement. The court's written judgment clearly imposes a sentence of 14 months in custody of the Bureau of Prisons followed by a 46-month term of supervised release, including all of the special conditions of supervision as previously imposed, pursuant to 18 U.S.C. § 3583(h). In addition, the written judgment states that the court "varies from the suggested guideline range based upon the multiple incidents of defendant absconding and the violent criminal history of the defendant."

4

We therefore conclude that the district court did not err in clarifying its ambiguous oral sentence with a written sentence within the 14 days allowed by Fed. R. Crim. P. 35(a).

**2.** McGinley also contends that the district court's imposition of a term of supervised release of 46 months exceeded the statutory maximum under the rule of lenity. We disagree.

McGinley argues that, under the rule of lenity, Congress's decision to not specify a maximum sentence for violations of 18 U.S.C. § 924(e) requires courts to take the minimum sentence to be the maximum when determining the appropriate term of supervised release. Under this argument, McGinley claims he is a Class C felon and that the maximum term of supervised release for Class C felons is 36 months. We explicitly disagreed with this position in *United States v. Bland*, holding that "the rule of lenity is simply unavailing in the face of the statutory language and the clear intent behind [§ 924]." *United States v. Bland*, 961 F.2d 123, 128 (9th Cir. 1992) ("Section 924(e) is not ambiguous in terms, and it was clearly intended to incapacitate and to punish severely recidivist violent and armed felons.") This Court is "bound by prior panel opinions 'unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions.'" *In re Findley*, 593

F.3d 1048, 1050 (9th Cir. 2010) (quoting *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1441 (9th Cir. 1994)).

We therefore conclude that the district court did not err in imposing a 46-month term of supervised release.

**AFFIRMED.**