**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50093 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:18-cr-04457-LAB-1 |
| OSCAR BALLESTEROS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted May 5, 2020**
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,*** District
Judge.

Defendant-Appellant Oscar Ballesteros was sentenced to 42 months of

imprisonment and three years of supervised release for transporting an illegal alien

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

for financial gain and aiding and abetting such transportation, in violation of 8 U.S.C. §§ 1324(a)(l)(A)(ii), (a)(l)(A)(v)(II), and (a)(l)(B)(i). At the oral pronouncement of sentence, the district court announced eight special conditions of supervised release but said nothing about mandatory or standard conditions. The written judgment of the court included the eight special conditions, expanding, however, the oral pronouncement of Special Conditions Six and Seven, and also incorporated the mandatory and standard conditions. Ballesteros appeals Special Conditions Six and Seven, and the imposition of mandatory and standard conditions.

We review *de novo* Ballesteros' contention that conditions in the written judgment conflicted with the oral pronouncement of sentence, since "[t]he actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues." *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). We review *de novo* also whether the court gave sufficient notice of a special condition of supervised release, but, if a defendant failed to object timely, our review is for plain error. *United States v. Dailey*, 941 F.3d 1183, 1188 (9th Cir. 2019). We review the substantive reasonableness of a condition of supervised release for abuse of discretion. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

19-50093

At the oral pronouncement of sentence, the district court imposed Special Condition Six, that Ballesteros "is certainly not to transport [people who are in the country illegally] or have them in his automobile."  The written judgment expanded this condition to require that Ballesteros "[n]ot transport, harbor or assist undocumented aliens."  Ballesteros, citing *Napier,* argues that the prohibitions as to harboring and assisting aliens should be vacated because they were not imposed at sentencing, denying him the right to be present for the imposition of this part of his sentence.  *See Napier*, 463 F.3d at 1042.

Ballesteros' objection to "harboring" is denied.  Harboring undocumented aliens is a crime under 8 U.S.C. § 1324(a)(1)(A)(iii).  A mandatory condition required in every sentence is that defendant "not commit another federal, state or local crime."  18 U.S.C § 3583(d); *Napier*, 463 F.3d at 1042-43.  Thus, the prohibition against harboring undocumented aliens was a proper condition.

In contrast, "assisting" undocumented aliens is a broad concept that extends beyond criminal activity.  It could prohibit a multitude of daily activities, for example, assisting an elderly undocumented alien with grocery shopping, giving a lift to an undocumented alien whose car broke down, etc.  The condition is not reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and imposes a greater deprivation of liberty than is

reasonably necessary for the purposes of supervised release. *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003); *see also* 18 U.S.C. § 3553(a). The condition is vacated.

The district court, over defense counsel's objection, imposed a special condition, Special Condition Seven, that Ballesteros "not . . . knowingly associate with people who are in the country illegally." The written judgment stated the condition as requiring that Ballesteros "[n]ot associate with undocumented aliens or alien smugglers."

We agree with Ballesteros that the prohibition against associating with "people who are in the country illegally," or who are "undocumented aliens," is too broad and ambiguous to serve the purposes of supervised release, and that the condition imposes a greater deprivation of liberty than is reasonably necessary. *Rearden*, 349 F.3d at 618. Ballesteros is likely to encounter many undocumented aliens with whom he could otherwise have beneficial and lawful relationships. We vacate that condition, as pronounced by the district judge. Because it is vacated, we need not consider Ballesteros' argument that its imposition was procedurally improper due to insufficient notice.

As stated in the judgment, Special Condition Seven also prohibits associating with "alien smugglers." Defendant argues that since this condition was

4                                                                          19-50093

not mentioned by the district judge, its inclusion in the written judgment conflicts with the oral pronouncement. This portion of Special Condition Seven is consistent with Standard Condition Eight. Standard Condition Eight prohibits Defendant from "interact[ing] with someone [he] know[s] is engaged in criminal activity,"[1] and alien smuggling is a crime, 8 U.S.C. § 1324(a)(2). The special condition implements the standard condition, and is reasonably related to the goals of supervised release, and so the portion of Special Condition Seven prohibiting interaction with alien smugglers is affirmed. However, as we stated above, the portion of the judgment that forbids "associating with undocumented aliens" is overbroad and ambiguous, and is vacated.

The mandatory and standard conditions are "implicit in an oral sentence imposing supervised release." *Napier*, 463 F.3d at 1043. Where a district court describes only special conditions of supervised release, a defendant should not understand that the mandatory and standard conditions are excluded. The

---

[1] The Guidelines provide:

> The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

U.S.S.G. § 5D1.3(c)(8). The recitation of the condition in the written judgment is virtually identical.

mandatory conditions, by statute, must be imposed. *See* 18 U.S.C § 3583(d) (providing that "[t]he court shall order, as an explicit condition of supervised release," certain enumerated conditions); *United States v. Harvey*, 794 F. Supp. 2d 1103, 1105 (S.D. Cal. 2011) ("Under federal law, courts must impose certain mandatory conditions when imposing a term of supervised release after imprisonment.").[2] Therefore, they are affirmed.

The standard conditions are also implicit in every sentence imposing supervised release. *Napier*, 463 F.3d at 1043 (inferring imposition of standard conditions where oral sentence advised defendant that unspecified conditions would be included in judgment). Generally, they specify defendants' obligations to their probation officers, prohibit "own[ing], possess[ing], or hav[ing] access to a firearm, ammunition, destructive device, or dangerous weapon", and otherwise expand on the mandatory conditions. U.S.S.G. § 5D1.3(c). The standard conditions are "recommended to the extent that they serve the purposes of sentencing." *United States v. Evans*, 883 F.3d 1154, 1162 n.4 (9th Cir. 2018). As we held in *Napier*, "[i]t is . . . better practice to advise the defendant orally, at least in summary fashion, of the standard conditions." 463 F.3d at 1043. However, the

---

[2] The mandatory conditions require Ballesteros to refrain from committing another crime, refrain from unlawfully possessing or using a controlled substance, and submit to drug testing.

district judge's failure to itemize the standard conditions does not create a conflict with the written judgment. *See id.* The mandatory and standard conditions in the written judgment may serve to clarify the sentence. *See Green v. United State*s, 447 F.2d 987, 987 (9th Cir. 1971) (per curiam) ("That the sentence in writing should be referred to in order to resolve ambiguities in the oral pronouncement is well settled."); *see also United States v. Truscello*, 168 F.3d 61, 62-64 (2d Cir. 1999) (cited with approval by *Napier*).

The district court failed to state which of the standard conditions fit Ballesteros' sentence, and why. We remand to the district court to do that, consistent with this order. *Cf. Napier*, 463 F.3d at 1043-44 (vacating and remanding where "we cannot say the inclusion of . . . conditions in the written judgment created a direct conflict," but "we do not have a complete and unambiguous sentence to leave intact").

Accordingly, we affirm that part of Special Condition Six that requires Ballesteros to refrain from harboring undocumented aliens, and we vacate the part of Special Condition Six that requires him to refrain from assisting undocumented aliens. We vacate that part of Special Condition Seven that prohibits Ballesteros from associating with undocumented aliens, and we affirm the part of Special Condition Seven that prohibits him from associating with alien smugglers. We

7

affirm the imposition of the mandatory conditions, and we remand to the district court to state which of the standard conditions it believes should be imposed, and why, in the exercise of the district judge's discretion.

**AFFIRMED in part, REVERSED and VACATED in part, and REMANDED in part.** The parties shall bear their own costs.

19-50093