**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50240 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02361-LAB-1 |
| v. | |
| MICHAEL LEE MAC CLEARY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 21, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,[***] District Judge.

Michael Lee Mac Cleary pleaded guilty to knowing importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. He was sentenced,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

principally, to a term of 84 months incarceration and a five-year term of supervised release that included—among other conditions—a digital search condition. Alleging procedural and substantive errors in connection with his sentence, Mac Cleary appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1. The district court did not procedurally err in its consideration of Mac Cleary's medical condition. Mac Cleary's claim for procedural unreasonableness is reviewed for abuse of discretion.[2] Although Mac Cleary received inadequate medical care for his colostomy bag in the past, the district court's conclusion that he was getting adequate medical treatment in the Bureau of Prisons at the time of sentencing was "plausible, rational, and based on the record; therefore, it [was] not clearly erroneous." *See United States v. Graf*, 610 F.3d 1148, 1158 (9th Cir. 2010) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc)). In particular, the note in Mac Cleary's medical records concerning his colostomy bag change—which mentions "ineffective health care maintenance"— refers to his

---

[1] The parties are familiar with the facts of this case, so we include them only as necessary to resolve the appeal.

[2] The government argues that the procedural errors Mac Cleary alleges are subject to plain error review because they were not raised below. *See United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011). However, it appears that Mac Cleary's lawyer did not have a full opportunity to assert her objections, so plain error review is inappropriate. Fed. R. Crim. P. 51(b); *United States v. Martinez*, 850 F.3d 1097, 1100 n.1 (9th Cir. 2017).

previous issues with inadequate medical care but does not mention continued inadequacy.

2. The district court properly considered Mac Cleary's childhood abuse when evaluating the 18 U.S.C. § 3553(a) sentencing factors. The presentence report indicates that Mac Cleary had suffered sexual abuse, which the court expressly recognized in considering Mac Cleary's history and characteristics. Given the nature and seriousness of the offense, Mac Cleary's extensive criminal record, and that his conviction was for the same offense as his previous conviction (only two years prior), the district court did not abuse its discretion by not giving "a lot of weight" to Mac Cleary's abuse as a child. *See United States v. Stoterau*, 524 F.3d 988, 1001–1002 (9th Cir. 2008) (explaining that abuse a defendant suffered as a child, along with other considerations, did not render 151-month sentence unreasonable).

3. The district court did not impose a substantively unreasonable sentence. Mac Cleary's sentence is not "shockingly high," and there is nothing illogical or "otherwise unsupportable" about the district court's 84-month sentence. *See United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)); *see also Gallo v. United States*, 552 U.S. 38, 52 (2007) ("[T]hat the appellate court might reasonably have

3

concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Mac Cleary received a sentence at the low-end of the Sentencing Guidelines. The district court expressly considered the range of sentencing factors, including the nature and seriousness of the offense, as well as Mac Cleary's history and characteristics, and concluded that a within-Guidelines sentence was appropriate. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009) ("[A] Guidelines sentence will usually be reasonable.") (internal quotation marks and citations omitted). The offense was Mac Cleary's sixth felony conviction and the court found that it was part of a "pattern of continuing criminal activity" that was "getting more serious." Mac Cleary attempted to import distributable quantities of methamphetamine twice in a span of two years, and he had not been deterred by a lesser sentence.

4.  The computer search condition in Mac Cleary's written judgment is not unlawful. Supervised release conditions are reviewed "deferentially, for abuse of discretion." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). Whether a written judgment conflicts with an oral pronouncement of sentence is reviewed de novo. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006).  Where a district court's oral pronouncement of sentence is "ambiguous," the written

judgment controls to the extent that it clarifies that ambiguity. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974).

The district court stated at the hearing that Mac Cleary would be "subject to search of his person, his property, his residence, and his vehicle by the probation officer." The court's written judgement merely clarifies what "property" was subject to search, including not only "residence" and "vehicle" (both of which were mentioned at sentencing), but also "house" and "papers," as well as "computers" and "electronic or digital storage devices." At most, the court's oral pronouncement is ambiguous about whether the word "property," includes computers and digital storage devices. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) ("[An oral sentence] is ambiguous when it is capable of two or more different constructions, both of which are reasonable."). But "where there is an ambiguity in the oral pronouncement of a sentence, [the] unambiguous written judgment controls." *Fenner v. U.S. Parole Com'n*, 251 F.3d 782, 787 (9th Cir. 2001); *see also Green v. United States*, 447 F.2d 987, 987 (9th Cir. 1971) ("That the sentence in writing should be referred to in order to resolve ambiguities in the oral pronouncement is well settled.").

Mac Cleary alternatively argues that the district court erred in imposing the computer search condition because the court did not articulate a nexus between the search condition and the sentencing goals set forth at 18 U.S.C. § 3583(d). "The

law only requires some nexus between the computer search condition and furthering 'the goal of deterrence, protection of the public, or rehabilitation of the offender.'" *United States v. Bare*, 806 F.3d 1011, 1019 (9th Cir. 2015) (quoting *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)).

The search condition here applies only if "reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation," and the supervised release conditions are themselves designed to deter the defendant from further criminal conduct, to protect the public, and to encourage defendant's successful rehabilitation. *See United States v. King*, 608 F.3d 1122, 1131 (9th Cir. 2010) (affirming a reasonable-suspicion-based search condition as "reasonably related to protecting the public and preventing recidivism"). Accordingly, the required nexus between the search condition and the goals of probation is satisfied.

**AFFIRMED.**