NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANGSEY ARUNDECH PICH,

Defendant - Appellant.

No. 23-1619

D.C. No.
3:17-cr-02402-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 13, 2024
Pasadena, California

Before: EBEL, BADE, and FORREST, Circuit Judges.[**]
Concurrence by Judge FORREST.

Rangsey Arundech Pich appeals the district court's July 24, 2023 judgment

revoking his supervised release. He contends that the district court lacked

jurisdiction to revoke supervised release. We review de novo the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David M. Ebel, United States Senior Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

jurisdiction over revocation proceedings regardless of any failure to object before the district court. *See United States v. Estrada*, 81 F.4th 859, 861 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court has "jurisdiction to revoke a term of supervised release [only] during its pendency." *United States v. Earl*, 729 F.3d 1064, 1066 (9th Cir. 2013); *see also* 18 U.S.C. § 3583(e)(3). Pich contends that the district court unambiguously revoked his supervised release on February 7, 2022, and therefore his term of supervised release was terminated and no longer pending on July 25, 2023. Thus, Pich argues that the district court did not have jurisdiction to revoke his supervised release on July 25, 2023.

At the February 7, 2022 revocation hearing, the district court said that it revoked supervised release, but it also stayed imposition of a custodial sanction, ordered Pich to complete a 90-day residential inpatient drug treatment program, mentioned the possibility of a future order to show cause, and said it would make a "final" decision at another hearing in about three months. These statements are subject to "two or more different constructions, both of which are reasonable." *United Staes v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998). The court's statements can reasonably be interpreted as either revoking supervised release, or as continuing Pich on supervised release with the additional condition of participating in the residential drug treatment program. Therefore, the court's statements are

ambiguous. *See id.* The minute entry on that same date is also ambiguous for the same reason.

Under these circumstances, we look to the judgment, the district court's written expression of the sentence, and the district court's subjective intent to resolve the ambiguities. *See United States v. O'Brien*, 789 F.2d 1344, 1347 (9th Cir. 1986) (explaining that the court could look to the judgment to resolve ambiguities in sentence); *Green v. United States*, 447 F.2d 987, 987 (9th Cir. 1971) (per curiam) (same); *Fenner v. U.S. Parole Comm'n.*, 251 F.3d 782, 786 (9th Cir. 2001) ("[T]o the extent that there is an ambiguity in the sentence, we properly may consider the sentencing judge's subjective intent.").

Here, the district court did not enter a judgment after the February 7, 2022 hearing, but the abstract of order states that "Defendant [is] continued on supervised release." And at the May 16, 2022 status hearing, the district court observed that Pich had completed the residential drug treatment program, he had "been on supervised release" while he participated in the program, and reminded Pich that he had "to comply" with the "conditions of supervised release." The minute entry on that same date states "Defendant to comply with conditions of supervised release." The abstract of order, the district court's statements at the status hearing, and the district court's revocation of supervised release on July 23, 2023, demonstrate that the court continued Pich on supervised release at the

February 7, 2022 hearing.[1]  *See O'Brien*, 789 F.2d at 1347 (determining that when a judgment is ambiguous, the appellate court could consider the "trial judge's later denial of the motion for release from probation [as] convincing and probative evidence that he originally intended to run the probation consecutive" to the defendant's other sentences).

Pich's reliance on *United States v. Wing*, 682 F.3d 861 (9th Cir. 2012), is misplaced because the facts are dissimilar.  Unlike here, in *Wing*, it was undisputed that the district court had revoked a term of supervised release and imposed a new term of supervised release to follow a term of imprisonment.  *Id.* at 863.  The issue in *Wing* was whether the revocation of supervised release was based on a violation of a condition of the term that was already revoked.  *Id.* at 863–64, 874.  That issue is not present here.

Therefore, we reject Pich's argument that the district court did not have jurisdiction to revoke supervised release on July 23, 2023.

**AFFIRMED.**

---

[1] The same district judge presided over all relevant proceedings.  *See O'Brien*, 789 F.2d at 1347 n.2 ("It is crucial to note that the judge who denied the motion for release from probation was the same judge who originally sentenced appellant and was, therefore, in a good position to interpret the judgment.").

*United States of America v. Rangsey Arundech Pich*, No. 23-1619
Forrest, J., concurring:

FILED

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in the court's judgment.